Argued 29 June, decided 18 July, 1904.

**WRIGHT *v.* ASTORIA COMPANY.**

[ 77 Pac. 599.]

VENDOR AND PURCHASER — TIME AS ESSENCE OF THE CONTRACT.

1. Time of payment is not of the essence of a contract for the sale of real estate in equity, unless made so by express agreement of the parties, by the nature of the contract itself, or by the circumstances under which the contract was executed.

SPECIFIC PERFORMANCE OF CONTRACT TO CONVEY — DELAYED PAYMENT.

2. Specific performance of a sale of real estate will ordinarily be compelled, though the purchase price was not paid or tendered at the exact time fixed, when the party seeking performance has acted in good faith, and with reasonable diligence, unless there has been a change of circumstances affecting the equities of the parties.

DELIVERY OF ESCROW DEED — RIGHTS OF SUBSEQUENT PURCHASER.

3. Where, under a contract for the sale of real estate, the deed was deposited in escrow, to be delivered on payment of the price after examination of the title by the purchaser's attorneys, and there was no understanding or stipulation that the deed should not be delivered unless the price was paid on a particular day, and no attempt was made to withdraw the deed before the conditions of the deposit had been complied with by the grantee, title passed to such grantee on delivery of the deed as against a purchaser from the grantor after the deed was delivered.

From Linn: REUBEN P. BOISE, Judge.

Suit by the Wright-Blodgett Company, Limited, a partnership association of Michigan, against the Astoria Company, a private corporation of New Jersey, to remove a cloud from the title to real estate. Defendant asserted that an escrow deed under which plaintiff claimed had been delivered without authority and was void. Plaintiff

had a decree as prayed, hence this appeal. The case was submitted on briefs under Rule 16 of the Supreme Court: 35 Or. 587, 600.                          AFFIRMED.

For appellant there was a brief over the name of *Weatherford & Wyatt* to this effect.

I. Time is the essence of the contract and delivery of the escrow contrary to the terms of the agreement is of no force or effect: *Smith* v. *South Royalton Bank*, 32 Vt. 341 (76 Am. Dec. 179); *Black* v. *Shreve,* 13 N. J. Eq. 455.

This is particularly so where the property is subject to marked fluctuations in value: *Tyler* v. *Cate*, 29 Or. at p. 526.

II. If the grantee gets possession of the instrument put in escrow, contrary to the agreement of the parties, no title passes thereby: *Gaston* v. *Portland,* 16 Or. 255, 259 (19 Pac. 127); *Hilgar* v. *Miller*, 42 Or. 552 (72 Pac. 319); *Everts* v. *Agnes*, 4 Wis. 154 (65 Am. Dec. 314); *Bryson* v. *Bradshaw,* 23 Cal. 520; *Steffian* v. *Milmo Nat. Banh,* 69 Tex. 513 (6 S. W. 824.)

For respondent there was a brief over the name of *Lauflin M. Curl* (*Percy R. Kelly*, of counsel,) to this effect.

1. An escrow is a contract by which the person to whom the deed is delivered is made the agent of both parties. The grantor cannot then control the deed, and the grantee can entitle himself to it by performing the stipulations. When the condition provided for is complied with the depositary is bound to deliver the deed: 3 Washburn, Real Prop. (4 ed.) 318, 324; 2 Wharton, Contracts, 679; *Wellborn* v. *Weaver,* 17 Ga. 267 (63 Am. Dec. 235, 241); *Wight* v. *Railroad Co.* 16 B. Mon. 4 (63 Am. Dec. 522); *Fairbanks* v. *Metcalf,* 8 Mass. 238; *Word* v. *Lewis,* 21 Mass. (4 Pick.) 520; *Hagood* v. *Harley,* 25 Mass. (8 Pick.) 325; *Millet* v. *Parker,* 43 Mass. (2 Met.) 608 (37 Am. Dec. 115);

*Regan* v. *Howe*, 121 Mass. 424; *McKearns* v. *Massey*, 6 Kan. 122; *Grove* v. *Jennings*, 46 Kan. 366; *Ordinary* v. *Thatcher*, 12 Vroom, 403 (32 Am. Rep. 225); *Cannon* v. *Handley*, 72 Cal. 133, 140; *McDonald* v. *Huff*, 77 Cal. 279; *Bury* v. *Young*, 98 Cal. 446 (35 Am. St. Rep. 186); *Bowles* v. *Woodson*, 6 Grat. 78; *Shirley* v. *Ayers*, 14 Ohio, 308 (45 Am. Dec. 546); *Davis* v. *Clark*, 48 Pac. 563; *Dawson* v. *Hall*, 2 Mich. 390; *Foster* v. *Mansfield*, 3 Met. 412 (37 Am. Dec. 154); *Schrugham* v. *Wood*, 15 Wend. 545 (30 Am. Dec. 75); *Gilbert* v. *North Amer. Ins. Co.* 23 Wend. 43 (35 Am. Dec. 543); *Worrall* v. *Munn*, 5 N. Y. 529 (55 Am. Dec. 440).

2. A knowledge of an outstanding unrecorded deed prevents one from becoming a *bona fide* purchaser as against the first grantee: *Moore* v. *Thomas*, 1 Or. 201, 205; *Musgrove* v. *Bonser*, 5 Or. 314 (20 Am. Rep. 737); *Baker* v. *Woodward*, 12 Or. 3, 13 (6 Pac. 173); *Manaudas* v. *Mann*, 14 Or. 450, 452 (13 Pac. 449); *Riddle* v. *Miller*, 19 Or. 468, 470 (23 Pac. 807); *Raymond* v. *Flavel*, 27 Or. 219, 240 (40 Pac. 158); *Jennings* v. *Kiernan*, 35 Or. 349 (55 Pac. 443); *Marshall* v. *Roberts*, 22 Minn. 49; *Galland* v. *Jackman*, 26 Cal. 79 (85 Am. Dec. 172); *McDonald* v. *Huff*, 77 Cal. 279; *Wittenbrock* v. *Cass*, 110 Cal. 1; *Farnsworth* v. *Childs*, 4 Mass. 637 (3 Am. Dec. 251).

3. If the facts known by the second vendee were such that reasonable diligence would have disclosed the facts, equity will not aid it in its present predicament: Devlin, Deeds (2 ed.), § 317*a*; 1 Story, Eq. Juris. § 146; *Riddle* v. *Miller*, 19 Or. 468 (23 Pac. 807); *Cooper* v. *Thomason*, 30 Or. 161 (45 Pac. 296); *Hodge* v. *United States Steel Corp.* — N. J. Eq. —— (60 L. R. A. 742, 748, 54 Atl. 1).

4. Time cannot be made of the essence of the contract by one of the parties alone; it must be mutually expressed to make it so. If time is stipulated to be essential and delay takes place, the aggrieved party may give notice that he abandons the contract, and if the other party does not

promptly object, he will be considered as acquiescing in such notice and as abandoning his equity of performance : Adams, Equity (5 Am. ed.), 208, note 1; *Schneider* v. *Lehnherr*, 5 Or. 385; *Tyler* v. *Cate*, 29 Or. 515, 527 (45 Pac. 800) ; *Bank of Columbia* v. *Hagner*, 26 U. S. (1 Pet.) 454, 465; *Hubbell* v. *Von Schoening*, 49 N. Y. 330, 331; *Johnson* v. *McMullin*, 3 Wyo. 237 (4 L. R. A. 670, 672, and note).

5. Prescribing a day at or before which, or a period within which, an act must be done, even with a stipulation that it shall be done at or before that time, does not render time essential with respect to such act: *Barnard* v. *Lee*, 97 Mass. 92; *Quinn* v. *Roach*, 37 Conn. 17; *Viele* v. *Troy R. Co.* 21 Barb. 381; *Duffy* v. *O'Donovan*, 46 N. Y. 223 ; *Hubbell* v. *Von Schoening*, 49 N. Y. 330 ; *Morgan* v. *Herrick*, 21 Ill. 481 ; *Hall* v. *Delaplaine*, 5 Wis. 206 (68 Am. Dec. 57); *Brazier* v. *Gratz*, 19 U. S. (6 Wheat.) 528, 533.

MR. JUSTICE BEAN delivered the opinion of the court.

This is a suit to remove a cloud from title. The material facts are practically undisputed. In the latter part of October, 1901, J. J. Collins contracted with John Holland to purchase from him for the plaintiff 160 acres of unimproved timber land in Linn County for $2,000. On November 5th Holland and wife executed a deed to the plaintiff for the property, and delivered it to Collins under an agreement that he should deposit it with the banking firm of J. W. Cusick & Co., at Albany, to be held by the bank until an abstract could be procured, the title approved, and plaintiff make payment of the purchase price, when the bank should deliver the deed to it. Collins deposited the deed with the bank, as agreed upon, where it remained until the 22d of November, when the purchase price was paid to the bank between 2 and 3 o'clock in the afternoon, and the deed delivered to the plaintiff's agent,

without any notice or knowledge of an adverse claim.to the property. About 11 o'clock on the same day, however, the defendant company contracted orally with Holland to purchase the property for $2,250, and at 6 o'clock in the afternoon, after the delivery of the deed by the bank to the plaintiff, Holland made a deed purporting to convey the property to the defendant. At the time of the purchase the defendant was advised of the previous deed, and obtained from Holland an order on the bank for its possession. The only substantial conflict is as to the time the purchase price was to be paid by the plaintiff to the bank and the deed taken up. The contention for the defendant is that the money should be paid by the 12th of November, and its testimony tends to show that the agreement was to this effect. Collins, on the other hand, says that the understanding was that the deed, together with a large number of deeds from other parties for land in the same vicinity, should be deposited with the bank by that date, and the purchase price should be paid thereafter as soon as abstracts of title could be secured and the title examined. We do not regard this point as at all material, however.

1. It is agreed by all that the deed was made and deposited by Holland with the bank to be delivered to the purchaser upon the payment of the purchase price, and that there was no withdrawal, or attempted withdrawal, of the deed before the conditions of the deposit were complied with by the grantee. Even if the purchase price was to be paid, as defendant contends, on or before the 12th of November, time was not a material or an essential part of the contract, nor was it made the essence thereof by agreement of the parties. There was no understanding or stipulation that the deed should not be delivered unless plaintiff paid the purchase price by a day certain. In equity the time of payment is not of the essence of a

contract for the sale of real estate unless made so by express agreement of the parties, by the nature of the contract itself, or by the circumstances under which the contract was executed.

2. Specific performance of a contract for the sale of real estate will ordinarily be decreed, even though the purchase money was not paid or tendered at the exact time fixed by the contract, when the party seeking the performance has acted in good faith, and with reasonable diligence, unless there has been such a change of circumstances affecting the equities of the parties or the justice of the contract as to make it inequitable that it should be enforced: *Knott* v. *Stevens*, 5 Or. 235; *Frink* v. *Thomas*, 20 Or. 265 (25 Pac. 717, 12 L. R. A. 239); *Bank of Columbia* v. *Hagner*, 26 U. S. (1 Pet.) 454; *Barnard* v. *Lee*, 97 Mass. 92; *Hall* v. *Delaplaine*, 5 Wis. 206 (68 Am. Dec. 57).

3. The plaintiff in this case was guilty of no laches. It paid the money to the bank as soon as the abstract had been prepared and the title approved by its attorney, and there is nothing in the character of the property or the nature of the transaction to indicate that the time of payment was intended to be essential. The property in controversy was unimproved timber land. The evidence indicates that at the time the plaintiff contracted for its purchase it was increasing in value, but there is nothing to show that it was of such an uncertain or fluctuating value as to make time the essence of the contract when not so provided therein. If, as the defendant contends, the agreement was that the purchase price should be paid by the plaintiff on or before the 12th of November, Holland perhaps had a right, upon a failure to make such payment, to revoke the deposit and recall the deed; but he did nothing of the kind. On the contrary, he allowed the deed to remain on deposit with the bank, and when the conditions of the deposit were subsequently complied

with by the grantee, and the deed delivered to it by the bank, the title passed, and Holland could not thereafter convey the property to another.

It follows that the decree of the court below must be affirmed, and it is so ordered.        Affirmed.