Argued April 22, reversed May 13, 1959

## ALBACHTEN *v.* MILLER ET UX

339 P. 2d 427

*Philip A. Levin,* of Portland, and *James O. Goodwin,* of Oregon City, argued the cause for appellant. With them on the brief were Jack, Goodwin & Santos, of Oregon City.

*Ben T. Lombard,* of Ashland, argued the cause for respondents. With him on the brief were Lombard & Cottle, of Ashland.

Before ROSSMAN, Presiding Justice, and PERRY, SLOAN and CRAWFORD, Justices.

CRAWFORD, J. (Pro Tempore)

Plaintiff appeals from a decree denying specific performance of an option contract for the sale of real property in Jackson County, Oregon. The controversy involves interpretation of clauses in the option, reading: The optionors give the optionee "the exclusive right and option to purchase, on October 1, 1955, but not prior thereto, for the sum of TEN THOUSAND ($10,000.00) DOLLARS cash, the real property and leases described as follows, to wit: * * * In the event optionee shall decide to exercise this option on October 1, 1955, she shall give the optionors not less

than thirty (30) days notice in writing of her intention so to do."

■ The principal issue is whether the court erred in denying specific performance and this depends primarily on whether the provision for "not less than thirty (30) days notice" of intention was of the essence of the contract requiring strict and literal compliance. Plaintiff, through her then attorney, on August 25, 1955, sent a letter to "Robert Miller, Ashland, Oregon," no route nor box number being given; this in attempted compliance with the option. Though bearing a return address, the letter was never returned. Defendants never received the letter. A second letter was sent to defendants' attorney, September 9, 1955, advising defendants that plaintiff had no immediate use for the property and that the notice provided for in the option had been sent August 25, 1955. On October 1, 1955, plaintiff tendered a cashier's check for $10,000 to Goldie Miller, one of the defendants, which was refused. At the same time the option contract was entered into plaintiff purchased from defendants for $20,000 certain other realty. The entire transaction, including option and purchase, was handled as one deal because plaintiff wanted to keep the property together. Plaintiff testified the "home place" would not have been purchased if the option had not been given, and defendant admitted knowing this to be true.

■■ The foregoing is a statement of the essential facts. Plaintiff concedes time is of the essence in option contracts in so far as the *exercise* of the option is concerned, but argues the rule does not apply to the instant case, as the notice was a collateral matter and the giving thereof was not the exercise of the option.

Defendants contend strict compliance with the notice of intention requirement was of the essence of the contract; that under the contract the giving of the notice was intended as the exercise of the option and the notice being tardy, the option was never exercised; hence no specific performance. While time is of the essence with respect to the date of exercise of an option, the general rule in connection with specific performance is that time is not necessarily of the essence. *Kaufman v. Hastings,* 93 Or 623, 184 P 265; *Wright-Blodgett Co. v. Astoria Co.,* 45 Or 224, 77 P 599. Nor is it of the essence with respect to the performance of other acts called for in the option contract. And in determining whether specific performance should be granted, literal and exact performance may be weighed in connection with such factors as the nature of the particular provision, good faith and prejudice. *Merrill v. Hexter,* 52 Or 138, 94 P 972, 96 P 865; 55 Am Jur 586, Vendor and Purchaser, Sec. 110.

Did the option contract contemplate the *act* of giving notice was to constitute *exercise* of the option? If so, the time of essence rule would apply and the notice, not having been literally and strictly given, this suit may not be maintained.

Defendants argue, "Plaintiff fails to distinguish between the *exercise* of the option which must be accomplished thirty days prior to October 1st, and the *actual purchase* which would have been completed on October 1st." Plaintiff argues that by its terms the option could not be exercised prior to October 1, 1955; that it was exercised on that date by tender of performance, and that the "sole issue is not whether the option was exercised on that date, but whether plaintiff has forfeited her right to exercise it, by reason of her failure

to give notice of her intention to do so prior to September 1."

In our opinion the giving of the notice was not intended to and did not constitute the exercise of the option. *Strong v. Moore,* 105 Or 12, 207 P 179; *Breen v. Mayne,* 141 Iowa 399, 118 NW 441; *Snead v. Wood,* 24 Ga App 210, 100 SE 714; *Mackey Wall Plaster Co. v. U. S. Gypsum Co.,* 244 F 275; Restatement of Contracts, Section 58; *Horgan v. Russell,* 24 ND 490, 140 NW 99, 43 LRA (NS) 1150. It was merely "notice * * * of her intention so to do." A condition precedent to the plaintiff's right "to *exercise* this option *on October 1, 1955.*" Plaintiff was given the "right and option to purchase on October 1, 1955, but not prior thereto. * * *" No binding contract came into being with the notice. Contractual rights would vest only with the exercise of the option on October 1st, 1955. And we may here suggest that the parties never contemplated time was to be of the essence so far as the 30-day notice stipulation is concerned. Defendants merely wanted time to care for their cows if and when notice was given. Exact time of such notice was immaterial so long as sufficient opportunity was afforded for this purpose, the parties having in mind a reasonable time, not a definitive one. This is obvious from their relations. Defendants now seize upon the 30-day issue to defeat the clear understanding when the dual deals were entered into.

The option before us is unique. Apt, controlling authority is hard to find. We feel general equitable principles must be resorted to, both in determining the "act of exercise" and so far as specific performance is concerned. Such being the nature and effect of the provision for notice, and the notice not constituting an

*exercise* of the option, it follows the time of the essence rule is inapplicable.

Let us now consider whether plaintiff may invoke specific performance in view of her failure to give the notice strictly in accordance with the contract. "Literal and exact performance by a plaintiff is not always necessary as a condition to securing specific performance of a contract by defendant." *Percy v. Miller et al.,* 197 Or 230, 251 P2d 463. Also see, 49 Am Jur, Specific Performance, Sections 41 and 42.

From Pomeroy's Equity Jurisprudence, 3d Ed, Section 1297, we quote:

> "Equity distinguishes between those terms and stipulations which are of the essence of a contract, and those which are not, and does not permit the defendant to set up a breach of the latter as a complete bar to all relief, or a sufficient reason for wholly refusing to execute the agreement. In those cases no action at law can be maintained; but equity, if the contract is otherwise a proper one, will compel a performance, with just compensations or allowances as may be just to the parties."

Also see Pomeroy's Specific Performance of Contracts, 3d Ed, page 794, Section 371.

Defendants have not been prejudiced nor damaged by reason of the delay in giving notice. No complaint is made in this respect. If this contract is specifically enforced, both parties are getting what they contracted for; plaintiff gets the land, defendants get the stipulated consideration. Plaintiff in good faith attempted literal compliance. Defendants sought to avoid compliance, and as we find, without good reason therefor. The facts clearly impel the conclusion that specific performance should be decreed.

So far as failure to file certified copy of transcript with the county clerk is concerned, this court, by order of May 15, 1957, relieved plaintiff from the effect of this irregularity.

For reasons stated, the trial court is reversed.