387 P.2d 867

**T. C. CILLESSEN and Lewis J. Rutherford, Co-Partners, Plaintiffs-Appellees,**

**v.**

**ʹKONA COMPANY, a corporation, and Hamilton Simonds, Defendants-Appellants.**

**T. C. CILLESSEN and Lewis J. Rutherford, Plaintiffs-Appellants,**

**v.**

**Hamilton SIMONDS, Defendant-Appellee.**

Nos. 7308, 7309.

Supreme Court of New Mexico.

Jan. 6, 1964.

R. F. Deacon Arledge, Albuquerque, for plaintiffs-appellants-cross-appellees.

Jethro S. Vaught, Jr., Albuquerque, for defendants-appellee-cross-appellants.

CHAVEZ, Justice.

This is a consolidated appeal from the final judgment in two cases consolidated for trial without a jury.

Cause No. 7308 is an action for debt by plaintiffs-cross-appellees, Cillessen and Rutherford, co-partners, against Kona Company, a corporation, and Hamilton Simonds, defendants-cross-appellants.

Cause No. 7309 is an action by the same plaintiffs-appellants against Hamilton Simonds, defendant-appellee, praying for specific performance, i. e., that Simonds be required to convey an interest in the property described in the agreement entered into between the parties.

On July 13, 1959, Cillessen and Rutherford, co-partners, hereinafter referred to as "plaintiffs," filed a complaint against Hamilton Simonds, alleging that an option agreement had been entered into by the parties; that plaintiffs had fully performed their portion of the agreement and paid to Simonds the sums provided by said agreement; that if any further sums are due, plaintiffs stand ready and able to pay the same. It was further alleged that Simonds accepted said money in payment of and notice that plaintiffs desired to exercise their option; that plaintiffs had tendered the sum of $2,760 to Simonds, which was refused. The tender was renewed in the complaint. The contract in question was attached to the complaint. The prayer for relief requested specific performance of the contract or, in the alternative, damages in the sum of $50,000.

Under the terms of the agreement, Hamilton Simonds, for valuable consideration, granted plaintiffs an option to purchase an undivided one-half interest in certain lands, said option to continue for a period of 120 days from November 2, 1958. The agreement also provided:

"3. That in the event Second Parties exercise said option they shall give written notice thereof to First Party at 1317 Los Arboles Avenue, N.W.,

Albuquerque, New Mexico prior to the date said option expires."

The contract further provided that, in the event of exercise of said option, plaintiffs shall pay to Simonds, for the one-half interest in the property, the sum of $3,750 plus one-half of all sums expended by Simonds, as shown by a written statement of the amount due. The contract also provided that, in the event of exercise of said option, plaintiffs shall obtain, in addition to an undivided one-half interest in the property, an undivided one-half interest in all improvements constructed or being constructed thereon, and that plaintiffs would assume one-half of the liabilities incurred by Simonds affecting the land. Motion for summary judgment filed by defendant Simonds was denied.

Defendant-appellee Simonds answered, denying performance by plaintiffs and any acceptance of payment; affirmatively alleged no consideration for the agreement and a failure to perform the covenants to exercise said option within the time specified, or at any other time; tendered back to plaintiffs the sum of $990 deposited with Simonds, together with an additional sum of $43.95, totaling $1033.95, which tender was refused by plaintiffs.

The complaint in cause No. 7308, filed October 12, 1961, alleged that there was a balance due to plaintiffs from Kona Company in the sum of $3733.69 under a building contract entered into between Kona Company and plaintiffs; that a fiduciary relationship existed between plaintiffs and Simonds; that Simonds is the principal stockholder and an officer in Kona Company; that Simonds is the real party in interest, and that plaintiff Cillessen was at one time an officer in Kona Company; that the apartment house was constructed by plaintiffs at a great loss to them in order to perform their agreement with Simonds and secure a conveyance of one-half interest in the property. Plaintiffs then requested a consolidation of causes Nos. 7308 and 7309 and prayed for damages in the sum of $10,000 against Simonds.

Attached to the complaint in cause No. 7308 was the building contract in question, which provided for the construction of an apartment house on certain lands described therein, at a cost of labor and material plus 10%, but not in excess of $42,500. The answer to this complaint denied that any balance was due on the contract and further denied that Simonds was the real party in interest.

Trial was held and the trial court found, in cause No. 7309, that Simonds and plaintiffs entered into an agreement wherein plaintiffs were given an option to purchase an undivided one-half interest in certain real estate described in the complaint; that the option was to continue for a period of 120 days from November 2, 1958, with the further provision that if the option was not

exercised within that period that it would become null and void; that in the event of the exercise of the option, plaintiffs were required to give written notice thereof to Simonds at a given address, prior to March 2, 1959; that plaintiffs failed to give written notice of their election to exercise the option prior to the expiration date, and that at no time did plaintiffs inquire of Simonds what would be the amount owing in the event of exercise of the option; that on January 27, 1959, Cillessen delivered to Simonds a check of Cillessen and Rutherford on the Kona Company account in the sum of $990; however, at the time of delivery of said check, Cillessen did not deliver to Simonds a written notice of the exercise of the option; that Cillessen did state that he was delivering said check to Simonds so that, in the event plaintiffs decided to exercise the option, a portion of the money which would then be due and payable would be available.

The court further found that in the latter part of March, 1959, Simonds advised plaintiffs that the option had expired and, at said time and place, Cillessen admitted that he knew that the option had expired; that at said time inquiry was made as to whether Simonds would extend the option period; that plaintiffs admitted that if the option were extended, they would not have the funds to make the payments provided, and Simonds did not extend the option period.

In cause No. 7308, the trial court found that Simonds and plaintiffs entered into another agreement which was dated October 28, 1958, providing for the construction of an apartment house on the lands described in the complaint at a cost not to exceed $42,500, to which certain extras over and above the contract price had not been paid for by either Simonds or Kona Company; and that there was due to plaintiffs the sum of $3,733.69 and the sum of $990 on their check, plus $43.95 for extras on Simonds' home.

Thereafter, in cause No. 7308, judgment was entered against defendants Simonds and Kona Company in the sum of "$3,733.60 [sic $3,733.69]". In cause No. 7309, the trial court denied plaintiffs' request for specific performance but ordered restitution of $990 and $43.95 to plaintiffs.

This appeal and cross-appeal followed, with plaintiffs contending that they should have been granted specific performance, based upon three points.

Under point I, plaintiffs contend that they exercised their option and had overpaid Simonds and were entitled to specific performance. They first argue that the trial court erred in finding that plaintiffs failed to give written notice of their election to exercise the option prior to the expiration date, and that plaintiffs at no time inquired of Simonds as to what would be the amount owed in the event of exercise of the option. Plaintiffs also argue that they paid Simonds

$990 under the option agreement, and that under the building contract Simonds was indebted to plaintiffs in the sum of $3,733.69, making a total of $4,767.64, and that this amount was more than the $3,809.78 which they owed to Simonds under the option agreement. Thus, plaintiffs say that they exercised the option.

Plaintiffs' second point is based upon the assertion that the two contracts were to terminate and be settled about the same day, and since plaintiffs had performed, failure to grant specific performance would thus work a forfeiture.

In plaintiffs' third point they contend that they paid $990 as part payment on the exercise of the option; that Simonds accepted the same and that this constituted part performance of a binding contract. In support of this position, plaintiffs rely upon Kiersey v. Hirsch, 58 N.M. 18, 265 P.2d 346, 43 A.L.R.2d 929, and Eagle Tail, Inc. v. Orris, 69 N.M. 386, 367 P.2d 700.

■■ Under plaintiffs' points I and II, we are concerned only with the option contract between plaintiffs and Hamilton Simonds as an individual. In an option contract, with the requirement of its exercise in writing, the rule is that its terms must be fully and completely accepted in all its parts, and its provisions strictly complied with, before it becomes an executory contract. 12 Am.Jur. Contracts, § 39, p. 532; Lake Shore Country Club v. Brand,

339 Ill. 504, 171 N.E. 494; James on Option Contracts, § 837, pp. 355–356; Leadbetter v. Price, 103 Or. 222, 202 P. 104. Further, it has been held that option contracts do not come within the equitable rule against forfeiture, for failure to comply strictly with the conditions deprives no party of any right and abrogates no contract. Lake Shore Country Club v. Brand, supra; Briles v. Paulson, 170 Cal. 196, 149 P. 169.

■ Plaintiffs' third point is based upon Kiersey v. Hirsch, supra, and Eagle Tail, Inc. v. Orris, supra. Plaintiffs still cannot recover, for as we said in Polhamus v. Roberts, 50 N.M. 236, 175 P.2d 196, 170 A.L.R. 991, in quoting from Restatement of Law of Contracts, § 58:

" 'An offeror is entitled to know in clear terms whether the offeree accepts his proposal. It is not enough that the words of a reply justify a probable inference of assent.' "

However, in Eagle Tail, Inc. v. Orris, supra, we pointed out that in Polhamus v. Roberts, supra, no option contract was involved and that the case turned on whether there had been any proper acceptance of a telegraphic offer to sell. That case and Albachten v. Miller, 216 Or. 379, 339 P.2d 427, 72 A.L.R.2d 1122, are of no help to plaintiffs, for here there is no compliance with the requirement to give written notice of plaintiffs' election to exercise the option

prior to March 2, 1959, and, under the trial court's findings of fact there could be no acceptance of the offer, for plaintiffs did not express an intent to accept the specific offer and indicated that they could not accept because of financial difficulties, even if the agreement were extended. Thus, as to cause No. 7309, we affirm the judgment of the trial court denying specific performance.

On cross-appeal, cross-appellants, Simonds and Kona Company, make the following contentions for reversal: (1) The judgment against Simonds on the building contract debt should be reversed, since Simonds acted on the contract, not as an individual, but as an agent of the corporation; (2) the judgment against Kona Company is not supported by substantial evidence; and (3) the amount of $43.95 is included in both the judgment on the building contract and the order of restitution, which also denied specific performance.

■ Since the building contract in cause No. 7308 was entered into between plaintiffs and Kona Company, and not with Hamilton Simonds as an individual, it necessarily follows that the judgment against Hamilton Simonds is in error. Therefore, as to that part of the judgment, we reverse the trial court.

■ Cross-appellants contend that the judgment against Kona Company is not supported by substantial evidence and should be reversed. Cross-appellants further contend that there has been a duplication of items totaling $43.95. The trial court found that cross-appellants were indebted to plaintiffs-cross-appellees for the sum of $3,733.69. The evidence shows the amount to be much larger than that amount. It is a settled rule requiring no citation of authority that the findings of fact of the trial court, if supported by substantial evidence, will not be disturbed on appeal.

Therefore, as to the appeal from the judgment denying specific performance and ordering restitution of $1,033.95 to plaintiffs, we affirm. We also affirm the judgment against Kona Company in the sum of "$3,733.60 [sic $3,733.69]." As to the judgment against Hamilton Simonds, we reverse and remand to the district court with direction to enter judgment not inconsistent with the views herein expressed.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.