404 P.2d 562

**MANUFACTURERS AND WHOLESALERS INDEMNITY EXCHANGE, a reciprocal insurance Exchange, by Hiram C. Gardner, Inc., a corporation, its Attorney-in-Fact, the Denver Brick and Pipe Co., Gomez and Kier Trucking Company, Plaintiffs-Appellees,**

**v.**

**Daniel VALDEZ, Defendant-Appellant.**

**No. 7658.**

Supreme Court of New Mexico.

Aug. 2, 1965.

Catron & Catron, Santa Fe, for appellant.

Gilbert, White & Gilbert, William B. Kelly, Santa Fe, for appellees.

COMPTON, Justice.

This action arose from a collision between a road grader owned by the New Mexico State Highway Commission and operated by one of its employees, and a tractor-trailer operated by an employee of the Denver Brick and Pipe Company, to whom it had been leased by Gomez and Kier Trucking Company, the owner. The Manufacturers and Wholesalers Indemnity Exchange was the insurance carrier on the tractor-trailer.

The plaintiffs sought to recover from the defendant, Daniel Valdez, driver of the road grader, the amount paid by the insurance company to the trucking company for damage to the tractor-trailer, the amount of the loss to the brick and pipe company for destruction of its pipe being transported on the tractor-trailer, and the deductible amount under its insurance policy which the trucking company was required to pay. The cause was tried on the issues of negligence, primary and contributory negligence. The court found (a) that the defendant's negligence was the proximate cause of the accident, and (b) that the driver of the tractor-trailer was free from negligence. Judgment was entered accordingly, and the defendant has appealed.

The appellant raises two points on appeal as grounds for a reversal. In substance they challenge the sufficiency of the evidence to support the court's findings. In addition, under the second point, the appellant contends the court erred in not determining, as a matter of law, that the driver of the tractor-trailer was either solely or contributorily negligent because of his inability to come to a stop within the range of his vision.

The collision occurred on January 12, 1960, between 2:00 and 2:30 a. m., approximately 10 miles north of Ojo Caliente on U. S. Highway 285. Early the previous evening it had been raining in that general vicinity and about 10:00 p. m. it started to snow. The appellant was proceeding north on the highway in the road grader, scraping snow from the right hand side of the highway. As he reached the foot of a hill where the accident occurred there were about 4 inches of snow on the surface of the road and the rear wheels of the grader lost traction and began to spin, turning the grader slightly sideways. As to what occurred at this point the evidence is conflicting. The appellant testified that he was spinning his wheels for about 8 minutes trying to get free, and that he tried to back up but did not have a chance because of the approach of the tractor-trailer from the north. Occupants of an automobile forced to stop behind the disabled grader testified they were parked there for approximately 15 minutes prior to the collision, and that during that time there was no one in the cab of the grader, or working on it, but that a man was standing in the back of the grader. It is not disputed, however, that at the time of the collision the left front end of the grader had crossed over onto the south bound lane of traffic in such a manner as to substantially block both lanes of traffic. There is evidence that the appellant was without chains for the grader although it was his usual practice to carry them; nor did he have any flares, flags or fuses. The evidence is conflicting as to what lights on the grader were in operation, other than the headlights.

Donald Torres, the driver of the tractor-trailer at the time of the accident, together with a relief driver, had left Denver, Colorado, about 4:30 or 5:00 p. m. the preceding evening. The trailer was loaded with sewer pipes and the tractor-trailer unit had a total weight of approximately 65,000 pounds. Torres took over the driving of the unit shortly before crossing the Colorado-New Mexico line, at which latter place he first encountered snow. He testified that from Tres Piedras to the point of collision, a distance of about 15 miles, it was snowing heavily and that he was driving at a speed of about 35 miles per hour. The court in one of its findings, not attacked, described the conditions that existed just prior to the accident as follows:

"In approaching the scene of the accident, Torres, the driver of the tractor and trailer, was proceeding down hill, on a highway covered with from four to six inches of snow, at a time, when it was snowing quite heavily, and around a blind curve through a cut which obstructed his view ahead."

Admittedly, Torres first saw the headlights of the grader at a distance of 590 feet. We summarize what followed as related by him. Thinking that a car was coming up the hill, he took his foot off of the accelerator and began slowly to apply his brakes. He did not then or later make full application of his brakes for fear he would skid or slide or that the trailer would jack-knife. After he had progressed another 100 feet he realized the grader was blocking the highway, and although he continued to apply his brakes he was unable to avoid colliding with the grader.

The ultimate facts, the basis of the court's finding as to appellant's negligence are that the appellant, without justification, allowed the grader to remain in a position blocking both lanes of traffic for a period in excess of 8 minutes, and that he took no steps to remove the grader or to warn other vehicles, such as here involved, of his position on the highway and, therefore, the driver Torres was confronted with a sudden emergency situation which he could not reasonably avoid.

■■■ It hardly seems necessary to reiterate the well-established rule that findings of the trial court supported by substantial evidence will not be disturbed on appeal. Cillessen v. Kona Co., 73 N.M. 297, 387 P.2d 867. Where the evidence is conflicting, it is not the function of this court to weigh the evidence or the credibility of the witnesses but to resolve the conflicts in favor of the successful party and to indulge all reasonable inferences in support of the judgment. Sterling B. & E. Constructors, Inc., 74 N.M. 708, 397 P.2d 729. Viewing the evidence here in the light of these rules we conclude that there is substantial evidence to support the finding of the trial court that appellant's negligence was the proximate cause of the accident.

■■■ Whether, under the circumstances of this case, Torres was contributorily negligent by reason of his inability to bring the tractor-trailer to a stop in time to avoid colliding with the grader, was properly a question of fact for the trial court, taking into consideration all of the surrounding circumstances, including the existing road conditions and the rate of speed he was traveling. The court found that Torres was not contributorily negligent. We have examined the evidence and conclude that it is substantial and amply supports the court's finding. Therefore, as stated above, we will not disturb them. Cillessen v. Kona Co., supra.

Appellant further contends that because Torres failed to stop in time to avoid colliding with the grader, after having seen

its headlights at a distance of 590 feet and having then removed his foot from the accelerator and started to apply his brakes, and being fully aware of the presence of the grader when it was at least 490 feet away, he violated what is commonly called the "range of vision rule" and was, therefore, negligent as a matter of law.

The rule that a defendant is negligent per se if he cannot stop within the range of his vision has not been laid down in this jurisdiction, notwithstanding the appellant's position to the contrary. We have held that the issue of negligence in such a situation is a question for the trier of the facts. Worrick v. Alarid, 75 N.M. 67, 400 P.2d 627, citing Duncan v. Madrid, 44 N.M. 249, 101 P.2d 382 and Hisaw v. Hendrix, 54 N.M. 119, 215 P.2d 598, 22 A.L.R.2d 285, and directing attention to a comparison with Williams v. Neff, 64 N.M. 182, 326 P.2d 1073 and Frei v. Brownlee, 56 N.M. 677, 248 P.2d 671. See also Kandelin v. Lee Moor Contracting Co., 37 N.M. 479, 24 P.2d 731. It is to be noted that even in jurisdictions which follow the rule, the rule has been held to have no application in cases of emergencies creating unexpected hazards. See Annotation, 97 A.L.R. pages 546 et seq.

The judgment should be affirmed. It is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.