480 P.2d 109 (1970)
T. W. ANDERSON MORTGAGE CO., a Colorado corporation, W. A. Alexander, Nate B. Burt, and Tom O. Bradbury, Plaintiffs in Error,
v.
ROBERT LAND CO., a Colorado corporation, Defendant in Error.
No. 70-311. (Supreme Court No. 22810.)
Colorado Court of Appeals, Div. I.
November 10, 1970.
Rehearing Denied December 1, 1970.
Creamer & Creamer, George Creamer, Denver, for plaintiffs in error.
Gould, Moch & Bernick, Robert B. Moch, Denver, for defendant in error.
Not Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Plaintiffs in error, who were the defendants in the trial court, will be referred to as the owners. The defendant in error, who was the plaintiff in the trial court, will be referred to as the buyer.
This is an action for specific performance. The trial court ordered the owners to convey certain land to the buyer and the owners seek reversal.
Owners had a half section of land in Arapahoe County and the buyer, a land developer, desired to purchase all or part of this land.
The parties entered into a contract for the sale of fifty acres of the land. This contract contained a series of successive options for the purchase of additional land. The provision of the contract specifying the *110 manner in which the option could be exercised is as follows:
"Whenever the Buyer desires to exercise this option, it shall mail or deliver a written notice to that effect to T. W. Anderson Mortgage Co., [agent of the owners] 364 Columbine Building, 1845 Sherman Street, Denver 3, Colorado, until such time as T. W. Anderson Mortgage Co. should give notice in writing of a change of address. This notice shall state that the option is being exercised and it shall identify or describe the particular land within The Property on which the option is being exercised. The mailing or delivering of such a notice shall constitute an exercise of the option."
The contract was amended twice to extend the life of the option, but all other terms and conditions of the contract remained unchanged. The original land was purchased pursuant to the contract, and additional land was purchased under the option on five separate occasions. The present controversy involves buyer's claim that it exercised its option to purchase the additional tract which is the subject of this action.
The buyer's president delivered to the manager of T. W. Anderson Mortgage Company certain documents; a legal description of the land involved, a certified survey thereof, and a letter addressed to the Planning Commission of Arapahoe County, Colorado, to be signed by the owners, concurring in a rezoning application. At that time, the buyer's president told the manager of the owners that, "This is the next land I want to pick up".
The parties met on several occasions, discussed a closing, but never completed the transaction. The negotiations terminated when the buyer's president called the owners' agent to arrange another meeting and was told that the owners would not convey the subject property to the buyer. Two days later the option expired. Thereafter, the buyer commenced this action for specific performance. The court entered a judgment and decree in favor of the buyer ordering the owners to sell and convey the land. It is from this decree that the owners prosecute this writ of error.
There was error in the judgment and decree and it is reversed.
The principle issue presented in this action is whether or not there was a valid exercise of the option.
In an option contract with the requirement that it be exercised in writing, the rule is that its terms must be fully and completely accepted in all its parts and its provisions strictly complied with before it becomes a contract capable of specific performance. Cillessen v. Kona Co., 73 N.M. 297, 387 P.2d 867; S. Williston, Contracts, § 61D (3d ed.); 17 Am.Jur.2d Contracts § 60; 17 C.J.S. Contracts § 42, note 83. This rule is supported by the decisions of our Supreme Court in Rude v. Levy, 43 Colo. 482, 96 P. 560, and Miller v. Carmody, 152 Colo. 353, 384 P.2d 77. These cases deal with tender provisions in options and both cases require an optionee to show strict compliance with the terms of the options as a condition precedent to maintaining an action for specific performance.
In the present case, the buyer did not give to the owners the written notice of the exercise of the option as required by the plain and unequivocal terms of the contract. The buyer's oral notice did not comply with the terms of the contract and was ineffectual.
The buyer places strong reliance on the fact that on the several previous occasions when land was purchased under the contract, there had been no compliance with the written notice requirement of the option. On those occasions, the transactions were closed after the options had been exercised informally on the basis of oral notice only and in the same manner as here attempted. Buyer asserts that the court should construe the option as requiring oral notice only because such was the practice previously followed by the parties. Buyer cites Hinkle v. Blinn, 92 Colo. 302, 19 P.2d 1038, and Shearer v. Snyder, 115 Colo. 232, 171 P.2d 663, in support of the rule that the conduct of the parties acting under a contract is a *111 reliable test of their interpretation of the agreement. Both cases involved ambiguous contracts and in such cases resort to the conduct of the parties and their interpretation of the contract is proper. The rule is otherwise where, as here, the language of the contract is clear and unequivocal and subject to only one interpretation. In such cases, the plain language controls and cannot be varied by application of principles of judicial construction applicable to ambiguous contracts. See Bedford v. Colorado Fuel and Iron Corp., 102 Colo. 538, 81 P.2d 752.
Buyer argues that the conduct of the owners with respect to the previous transactions between the parties amounted to a waiver of the written notice requirement. The fact that the owners did not require strict compliance with the requirement of written notice when the option was exercised on previous occasions did not prevent the owners from insisting upon strict compliance when the buyer again attempted to exercise the option.
Although an express condition of an option can be waived by the optionor, the facts do not establish a waiver here. The owners objected to the closing of the transaction before the option expired. Two days before the option expired, the buyer was informed that the sellers would not convey the land. At that time the buyer could have complied with the written notice requirement of the contract and a specifically enforceable contract would have been created by the exercise of the option. The evidence neither establishes an express waiver nor warrants the inference that the owners waived the written notice requirement of the option.
The judgment is reversed and the cause is remanded with directions to dismiss the action.
SILVERSTEIN, C.J., and DUFFORD, J., concur.