NORTH SIDE ASPHALT & MATERIAL TRANSPORT, INC., Appellant (Plaintiff),

v.

Charles E. FOREMAN, Clearwater Development Corp., and John E. Deuser as Managing Partner of Lake Clearwater, a Partnership, Appellees (Defendants).

No. 49A02–8702–CV–59.

Court of Appeals of Indiana, Second District.

March 22, 1988.

Phillip V. Price, Atlas, Hyatt & Reuben, Indianapolis, appellant (plaintiff).

Paul G. Roland, Ruckelshaus, Roland, Hasbrook & O'Connor, Arthur J. Sullivan, Steers, Sullivan, McNamar & Rogers, Indianapolis, for appellees (defendants).

BUCHANAN, Judge.

## CASE SUMMARY

Plaintiff-appellant North Side Asphalt & Material Transport, Inc. (North Side) appeals from the grant of partial summary judgment and in the judgment of the remaining issues following a bench trial in favor of defendants-appellees Charles E. Foreman (Foreman), Clearwater Development Corp. (Clearwater) and John E. Deuser (Deuser), claiming that the trial court erred in ruling that North Side failed to exercise an option to purchase real estate when Foreman anticipatorily repudiated the option by contracting to sell the property to Clearwater.

We reverse and remand.

## FACTS

The facts most favorable to the nonmoving party reveal that on October 15, 1978, North Side leased a one-half acre of real estate from Foreman. On June 28, 1979, the parties amended the lease agreement which increased the size of the rented parcel to one acre. At that time, Foreman extended North Side an option to purchase the property, providing in pertinent part:

"OPTION TO PURCHASE: Lessee shall have the right and option to purchase the leased property, during the term of the lease expiring December 31, 1983, at and for the sum of thirty two thousand ($32,000.00) dollars, *payable $16,000.00 in cash upon exercise of the option, the balance within one year from date of purchase....* Lessee shall be entitled to a conveyance by General Warranty Deed

upon payment of the full purchase price."

*Record* at 23 (emphasis supplied).

On June 29, 1979, Foreman executed a land contract with an option to purchase in favor of Clearwater which included the same parcel previously optioned to North Side. On December 15, 1983, North Side notified Foreman by certified letter of its intent to exercise its option. Three days later, Foreman sent North Side a letter indicating that he had sold the property to Clearwater. North Side tendered no money and filed its complaint for specific performance on December 30, 1983 and Foreman counterclaimed for back rent.

On July 14, 1986, Foreman filed its motion for partial summary judgment which was subsequently granted. The trial court ruled that because North Side did not tender the $16,000.00 down payment in accordance with the contract terms, it failed to exercise properly the option to purchase as a matter of law. Following a trial by court on October 17, 1986, Foreman was awarded $6,800.00 for rent and $3,000.00 for restoration of the property.

## ISSUES

Because we reverse, we need only address the following issue:[1]

Whether the trial court erroneously granted Foreman's motion for partial summary judgment when it concluded that North Side failed to exercise its option to purchase as a matter of law?

PARTIES' CONTENTIONS—North Side maintains that the trial court improperly granted Foreman's motion for partial summary judgment because the sale of the property to Clearwater constituted a unilateral repudiation of the option agreement thereby waiving and frustrating North Side's duty to tender the down payment under the option.

---

1. North Side also alleges that the trial court's grant of partial summary judgment was improper because Foreman's attorney admitted in a motion for continuance that North Side was entitled to the acre of land prayed for in North Side's complaint, and that North Side was prejudiced because of Foreman's reliance upon an unpublished deposition which was not part of the record. North Side further contends that the trial court erred in admitting evidence regarding restoration costs of the land and that the trial court erroneously granted Foreman's motion to amend the pleadings to conform to the evidence presented at trial.

Foreman responds that the trial court's grant of partial summary judgment was correct because North Side's failure to tender the down payment in a timely fashion did not constitute a proper exercise of the option.

CONCLUSION—The trial court improperly granted Foreman's motion for partial summary judgment.

The rule of summary judgment applicable to this case is that when there is no genuine issue as to any material fact, a trial court may not grant a motion for summary judgment unless the moving party can establish it is entitled to judgment as a matter of law. *Madison County Bank & Trust Co. v. Kreegar* (1987), Ind., 514 N.E.2d 279; *Tippecanoe Sanitary Landfill, Inc. v. Board of County Comm'rs* (1983), Ind.App., 455 N.E.2d 971, *trans. denied; Nationwide Mut. Ins. Co. v. Neville* (1982), Ind.App., 434 N.E.2d 585, *trans. denied;* Ind. Rules of Procedure, Trial Rule 56(C).

An option to purchase real estate is a contract by which the owner of the realty agrees with another person that the latter shall have the power to purchase the property at a fixed price within a certain time period. *Romain v. A. Howard Wholesale Co.* (1987), Ind.App., 506 N.E.2d 1124; *Bandy v. Myers* (1967), 141 Ind.App. 220, 227 N.E.2d 183. Generally, the exercise of an option is effective only if it strictly adheres to the terms stipulated in the contract. *Romain, supra; Hutchcraft v. Eastern Indiana Prod. Credit Ass'n* (1985), Ind.App., 486 N.E.2d 644; *Rowland v. Amoco Oil Co.* (1982), Ind.App., 432 N.E.2d 414, *trans. denied.* This court has observed that when the contract requires an option holder to tender money within the option period and he fails to do so, the mere notice of *intent* to exercise the option does not form a binding contract to sell the real estate. *Romain, supra; Hutchcraft, supra.*

However, these cases are not helpful to Foreman. When North Side expressed its intent to exercise the option by the December 15, 1983 certified letter, Foreman's reply letter sent thirteen days before the option's expiration date disclosed that *he had already sold the property to Clearwater. Record* at 54. Foreman's purported sale of the property to Clearwater before the expiration of the option rendered Foreman's performance under the option agreement impossible. *See Coons v. Baird* (1970), 148 Ind.App. 250, 265 N.E.2d 727, *trans. denied.*

A number of courts have determined that when an optionor breaches a lease by an act totally inconsistent with the continuance of an option to purchase, as by conveying the optioned property to a third party, the optionee may bring an action for damages. *See generally* 49 AM.JUR.2D *Landlord and Tenant* § 388 (1970).

In *Schoonover v. Kahn* (1964), Mo.App., 377 S.W.2d 535, the Missouri Court of Appeals affirmed a trial court's award of damages to the plaintiff-lessee when the defendant-landlord conveyed real property to a third party in breach of an option it had conferred upon the plaintiff. Although the plaintiff failed to exercise properly the option required by the contract, the *Schoonover* court reasoned:

"Appellants assert that Schoonover never tried to exercise the option by giving the prescribed 30 days' notice.... Defendants by their sale of the property had made it impossible for them to perform under the option. They had breached the covenant conferring an option to purchase. As stated in 51 C.J.S. Landlord and Tenant § 88, p. 648: *'In case of a breach of a covenant conferring on the lessee an option to purchase, the lessee is entitled to recover damages sustained by him.' ... Defendants by their act in conveying the property made it impossible for them to honor the option."

*Id.* at 538 (emphasis supplied). *See also Abdallah v. Abdallah* (3d Cir.1966), 359 F.2d 170 (tenant under a lease with an option to purchase could sue for damages when the landlord, who contracted to sell the optioned land to a third party, repudiated the option thus waiving the necessity of tender); *Fullington v. M. Penn Phillips Co.* (1964), 238 Or. 321, 395 P.2d 124 (With-

out first tendering the purchase price, tenant under a three-year lease with an option to purchase realty could recover damages because of the landlord's repudiation of the lease and option).

While a nonbreaching party under an option agreement may be entitled to damages, several jurisdictions recognize that when a tenant is extended an option to purchase and the landlord breaches the lease and option by conveying the property to a third party, the tenant may maintain an action for specific performance. *See generally Annot.*, 12 A.L.R. 3d 1128 (1967) and cases cited therein; *see also Brenner v. Duncan* (1947), 318 Mich. 1, 27 N.W.2d 320 (action for specific performance was proper when defendant-landlord's sale of optioned property to a third party rendered plaintiff-tenant's acceptance of the option impossible). *Driebe v. Fort Penn Realty Co.* (1938), 331 Pa. 314, 200 A. 62 (action for specific performance was proper when the defendant's sale of the property to a third party in breach of an option to purchase rendered the plaintiff's required tender of the purchase price under the option agreement unnecessary).

Under the circumstances, North Side was not required to perform the futile act of tendering the $16,000.00 down payment to Foreman after being informed of Foreman's inability to comply with the option. In *Walcis v. Kozacik* (1927), 86 Ind.App. 484, 156 N.E. 589, this court recognized that an optionee was not required to tender any money due under the contract once the optionor refused to perform. When one prevents a thing from being done, he shall not avail himself of the non-performance which he has himself caused. *See Vinton v. Baldwin* (1884), 95 Ind. 433 (when one party to a contract notifies the other that he will not perform, performance by the other is unnecessary). It was Foreman's admitted previous sale of the property to Clearwater during the option period that rendered performance with North Side impossible, thereby discharging North Side from doing anything further. North Side's failure to tender the $16,000.00 down payment within the option period in light of Foreman's self-imposed inability to perform

did not warrant the rendering of summary judgment under the claim that North Side failed to properly exercise its option to purchase.

We therefore conclude that the trial court's grant of partial summary judgment in favor of Foreman must be reversed and the trial court's judgment awarding Foreman $9,800.00 for rent and property restoration costs must be vacated. This cause is remanded to the trial court for proceedings not inconsistent with this opinion.

Reversed and remanded.

SULLIVAN and HOFFMAN, JJ., concur.