## ALI AKBER KIACHIF et al. v. PHILCO INTERNATIONAL CORPORATION.

United States District Court
S. D. New York.

April 6, 1950.

See also 10 F.R.D. 278.

278

Samuel B. Ohlbaum, New York City, for plaintiffs.

Donovan, Leisure, Newton, Lumbard & Irvine, New York City, for defendant.

McGOHEY, District Judge.

This is a motion by defendant for an order directing the issuance of letters rogatory to the Appropriate Judicial Authority in Teheran, Iran, for the examination of a witness on written interrogatories and cross-interrogatories. Defendant's attorney avers that the Kingdom of Iran will not permit examination by commission, and this is not contraverted by the plaintiffs.

Plaintiffs' attorney objects to interrogatories and suggests the issuance of an open commission providing that defendant pay plaintiffs' expenses and a reasonable counsel fee. It is claimed that the witness is biased against the plaintiffs. If this be so, there is no reason why it cannot be disclosed by appropriate interrogatories.

Justice and the ..cessities of this case require the issuance of letters rogatory, Federal Rules of Civil Procedure, Rule 28 (b), 28 U.S.C.A., but the court is not convinced that the situation is so unusual as to call for oral interrogatories. See De Villeneuve v. Morning Journal Ass'n, S.D.N.Y., 206 F. 70. The motion is granted and the trial will be stayed until the due return of the letters and the depositions.

The order to be submitted will provide for the filing and service of the direct interrogatories within ten days after the making of the order herein and that cross-interrogatories shall be filed and served within ten days from the service of the direct interrogatories. Objections to interrogatories and cross-interrogatories shall be presented to the court on two days' notice and within ten days after the filing and service of the matter objected to.