418 P.2d 200

Rowland L. TESSIER, Jr., Petitioner-Appellee,

v.

Rex H. WHITE, Jr., Respondent-Appellant.

No. 7967.

Supreme Court of New Mexico.

Sept. 19, 1966.

George E. Ward, Roswell, for appellant.

Frazier, Cusack & Schnedar, Roswell, for appellee.

## OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

This appeal follows a judgment dispensing with the consent of the natural father to the adoption of his child by a stepparent.

The only point urged for reversal of the judgment is the contention that the evidence was insufficient to sustain the finding that the natural father had wilfully failed to maintain and support his child when obligated and financially able to do so.

Briefly, the facts disclosed that the natural parents were divorced by a decree awarding custody of the child to the mother and requiring the father to pay the sum of $75.00 per month for child support. The father was given reasonable rights of visitation. Thereafter, the mother of the child married another. The father of the child made support payments for nineteen months, then for the next eighteen months made no payments. At no time did the father of the child apply to the court for a modification of the decree concerning child support payments. Following a hearing on the question of consent, the trial court found that the natural father had wilfully failed to maintain and support his child when obligated and financially able to do so. The court then concluded, as a matter of law, that the consent of the natural father be dispensed with as provided by Section 22–2–6, subd. A(3), N.M.S.A. 1953. The statute referred to permits the court in an adoption proceeding to dispense with consent:

" * * * where the parent or parents or guardian have wilfully failed to maintain and support the child, when obligated and financially able to do so * * *"

In Nevelos v. Railston, 65 N.M. 250, 335 P.2d 573, being an adoption case predicated on the same subsection of the statute involved here, we considered the meaning of the word "wilful." The Ohio case cited in Nevelos v. Railston construed a statute very similar to ours. It was there stated that the closest synonym to "wilful" is "intentional" or "an intentional omission of duty." Further, in Cook v: Kinzua Pine Mills Company, 207 Or. 34, 293 P.2d 717, 727, it was said that "wilful" is also synonymous to "knowingly."

It would serve no useful purpose to dwell on the facts here presented by the opposing parties. We have examined the record with the attention that the issue deserves, and conclude that there was substantial evidence to support all of the elements contained in the findings made by the trial court. The applicable and often repeated rule lately expressed in Manufacturers and Wholesalers Indemnity Exchange v. Valdez, 75 N.M. 363, 404 P.2d 562, is controlling and the judgment of the trial court will not be disturbed.

The judgment will be affirmed. It is so ordered.

NOBLE and MOISE, JJ., concur.