729 P.2d 503

Fabian SANDOVAL, Plaintiff-Appellant,

v.

UNITED NUCLEAR CORPORATION, Employer, and the Travelers Insurance Company, Insurer, Defendants-Appellees.

No. 8968.

Court of Appeals of New Mexico.

Oct. 30, 1986.

Avelino V. Gutierrez, Avelino A. Gutierrez, Gutierrez Law Offices, Albuquerque, for plaintiff-appellant.

Robert Bruce Collins, Thomas S. Udall, Miller, Stratvert, Torgerson & Schlenker, P.A., Albuquerque, for defendants-appellees.

## OPINION

GARCIA, Judge.

Plaintiff appeals the termination of his worker's compensation benefits. Our calendaring notice proposed summary reversal. Defendants filed a timely memorandum in opposition and the case was assigned to the limited calendar. After consideration of the parties' briefs, we view our preliminary analysis as correct and reverse the trial court.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff, a citizen of Mexico, was employed at defendant United Nuclear's uranium mine near Grants, New Mexico. In 1977, he suffered a serious, crushing leg injury during a mine cave-in. In a subsequent worker's compensation proceeding, he was found to be totally and permanently disabled and entitled to compensation benefits.

In the fall of 1983, plaintiff was indicted by a federal grand jury on charges of importation of heroin, possession with the intent to distribute heroin and unlawful distribution of a controlled substance. Following his arrest, he posted an appearance bond and was released from custody. Plaintiff returned to Mexico and failed to appear for trial. The federal district court forfeited his appearance bond and plaintiff was indicted on a new charge related to bail-jumping.

In November of 1983, defendants filed a motion to terminate worker's compensation benefits pursuant to NMSA 1978, Section 52-1-56 stating that plaintiff's disability had terminated and he was no longer entitled to benefits. In their responses to interrogatories, defendants indicated that the basis for their motion to terminate benefits was plaintiff's involvement in "other work," namely heroin trafficking. Defendants filed notice to take plaintiff's deposition. Plaintiff responded by filing a motion to stay the deposition, or in the alternative, to require that discovery be by way of written interrogatories. The trial court denied plaintiff's requests and ordered that the deposition be taken as scheduled.

Plaintiff did not appear for the deposition. Plaintiff's counsel informed defendants that plaintiff had moved and he did not have plaintiff's new address. Plaintiff's counsel claimed that plaintiff did not have notice of the deposition. Due to plaintiff's non-appearance, defendants sought and obtained, as a discovery sanction, an order terminating further compensation benefits. Plaintiff appealed.

This court reversed the trial court's order by a memorandum opinion which was filed on March 21, 1985, (Ct.App. No. 7675). We noted that defendants failed to comply with a mandatory two-step procedure to obtain discovery under NMSA 1978, Section 52-1-34 since they had not filed a motion seeking court approval for discovery nor had the trial court determined that good cause existed and that the evidence to be obtained would be material. Further, this court determined the trial court's order failed to find that plaintiff had actual notice of the scheduled deposition and that the order failed to make a finding that plaintiff had willfully, in bad faith, or through his own fault, failed to appear for the deposition. Our memorandum indicated that trafficking in heroin was not "any work" within the meaning of the Workmen's Compensation Act, and that defendants, therefore, could not base a Section 52-1-56(A) review on that claim. Un-

der these circumstances, we concluded the termination of benefits, as a sanction under NMSA 1978, Civ.P. Rule 37(D) (Repl.Pamp. 1980), was improper. A mandate was issued, sending the case back for further proceedings and findings consistent with our decision.

Following remand, defendants filed a motion to undertake discovery. After a hearing, the trial court issued an order pursuant to Section 52–1–34 in which it found that good cause existed for the taking of plaintiff's deposition, for an independent medical evaluation and for a vocational skills analysis of plaintiff, and that the evidence sought in the deposition would be material to the issues of the case. The trial court directed that plaintiff present himself to the forum for deposition.

Two days prior to the scheduled deposition, plaintiff, through counsel, filed a new motion to stay the deposition and medical evaluation. In the motion, plaintiff's counsel argued that plaintiff could not enter the United States under the provisions of the United States Code in that he was an excludable alien pursuant to 8 U.S.C.A. Section 1182(a)(23) (West 1970). In addition to this contention, plaintiff's counsel sought to stay the deposition on grounds previously argued and denied: evidence of involvement in drug trafficking was not material to the termination of disability; drug trafficking was not employment; plaintiff had a constitutional right to remain silent; it would be oppressive and burdensome for him to come to the United States from Mexico to attend the deposition; that he was innocent of any crime, but would be arrested if he came into this country; and that his physical condition was such that he could not make the trip. In the alternative, plaintiff's counsel argued that should good cause exist for the taking of plaintiff's deposition, then the deposition should be taken in the Republic of Mexico or by way of written interrogatories. Plaintiff's motions were denied and plaintiff was ordered to appear for his deposition.

On September 27, 1985, plaintiff failed to appear for the scheduled deposition. Plain-

tiff's counsel conceded that while his client had notice of the deposition, he was unable to appear due to the reasons cited in his motion. Following plaintiff's non-appearance, defense counsel again moved for sanctions pursuant to Civ.P.Rule 37(D). The trial court granted defendants' motion and, for a second time, terminated plaintiff's compensation benefits.

## ISSUES

While defendants' motion for review under Section 52–1–56(A) had its genesis in allegations of serious criminal wrongdoing, it is important to note that plaintiff's criminal status is not before us. We are not deciding plaintiff's guilt. That issue is reserved to another court in another forum. Rather, our inquiry is limited in scope and goes to the propriety of the discovery sanctions imposed in this workmen's compensation proceeding.

Plaintiff raises two issues: (1) whether the trial court erred in terminating plaintiff's workmen's compensation benefits; and (2) whether the trial court erred in ordering plaintiff to appear for a deposition, a medical evaluation and vocational skills analysis and in denying his motion that his deposition be taken by written interrogatories or by oral deposition in Mexico and that the medical evaluation and medical analysis be conducted in Mexico.

## ANALYSIS: ISSUE I

In our prior memorandum opinion we noted that specific findings were prerequisites for imposition of discovery sanctions under Civ.P.Rule 37(D). The trial court's latest order terminating plaintiff's compensation benefits stated "That Plaintiff Fabian Sandoval knew of said deposition and failed to appear for his deposition...." The trial court did not further find that plaintiff's failure to appear was willful, in bad faith or due to his own fault, as mandated by this court. The opinion we issued following the prior appeal provided that, "[a]bsent a finding of willful noncompliance, bad faith, or fault in failing to comply with discovery, dismissal of a party's right to workmen's compensation benefits, previously awarded, is not proper." Our man-

date incorporated this ruling. On remand, the trial court must comply with the mandate of the appellate court. *Weaver v. Weaver*, 100 N.M. 165, 667 P.2d 970 (1983); *Burnworth v. Burnworth*, 93 N.M. 714, 605 P.2d 222 (1980).

Defendants argue the trial court's findings were adequate because of the case law standard that the trial court look at the total circumstances surrounding the order and not just look for the specific litany of phrases in an order. *United Nuclear Corp. v. General Atomic Co.*, 96 N.M. 155, 629 P.2d 231 (1980).

■ Under the facts of this case, we cannot agree. It cannot be said, as a matter of law, that plaintiff's failure to appear was willful. A wrongful intent to disregard the trial court's discovery order is not necessary to constitute a willful failure to appear, but a willful failure does imply a conscious or intentional failure, as distinguished from an accidental or involuntary non-compliance. *Kalosha v. Novick*, 77 N.M. 627, 426 P.2d 598 (1967). *See also Tessier v. White*, 76 N.M. 748, 418 P.2d 200 (1966); *Potomac Insurance Co. v. Torres*, 75 N.M. 129, 401 P.2d 308 (1965); *Gough v. Famariss Oil & Refining Co.*, 83 N.M. 710, 496 P.2d 1106 (Ct.App.1972). The opinion of this court on the first appeal upon which the mandate was predicated, constituted the law of the case. *Fortuna Corp. v. Sierra Blanca Sales Co.*, 89 N.M. 187, 548 P.2d 865 (1976).

Even if the trial court's language was deemed to be in compliance with our mandate, the trial court's finding was erroneous. Plaintiff is an excludable alien under 8 U.S.C.A. Section 1182(a)(23). In pertinent part, that statute provides:

**Excludable aliens—General classes**

(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

\*　　\*　　\*　　\*　　\*　　\*

(23) \* \* \* [A]ny alien who the consular officer or immigration officers know or have reason to believe is or has been an illicit trafficker in any of the aforementioned drugs[.] [Which includes heroin.] [Parenthetical material added.]

Thus, under federal law, plaintiff is strictly prohibited from entering this country for any purpose.

■ Defendants argue that plaintiff could enter this country lawfully by virtue of 8 U.S.C.A. Section 1182(d)(5). Under that section, the United States Attorney General has discretion to parole excluded aliens for emergent reasons or reasons deemed in the public interest. It would stretch the limits of our credulity to imagine the attorney general would parole a fugitive into this country for the limited purpose of allowing him to give a deposition in a workmen's compensation case. Moreover, as pointed out earlier, the attorney general has discretion to parole excluded aliens for emergent reasons or reasons deemed in the public interest, but otherwise there is no provision for the release of an excluded alien. *Chin Ming Mow v. Dulles*, 117 F.Supp. 108 (S.D.N.Y.1953). Among other things, the courts have construed "public interest" to mean prosecution. *Klapholz v. Esperdy*, 201 F.Supp. 294 (S.D.N.Y.1961) (attorney general did not abuse discretion, under statute permitting him to parole aliens in the public interest, in paroling arriving alien for purpose of prosecuting him for smuggling). Parole is an act of extraordinary sovereign generosity, since it grants temporary admission into our society to an alien who has no legal right to enter and who would probably be turned away at the border if he sought to enter. *Jean v. Nelson*, 727 F.2d 957 (11th Cir.1984). Excludable aliens cannot challenge either admission or parole decisions under any claim of constitutional rights. *Id.* at 972.

By virtue of the fact that plaintiff is an excludable alien, that any grant of parole would only be for the purposes of prosecution and, even if parole were a possibility, any denial of such would be unappealable, it was impossible for plaintiff to comply with the discovery order.

■ While we need not reach this issue, it may be important to note that plaintiff also attempted to offer evidence to the effect that he was physically unable to make the journey to comply with the deposition order. The trial court denied admission of the tendered testimony on the grounds that the hearing was a show cause hearing for defendants and they had shown good cause for the necessity of the deposition. Because the trial court was required to determine whether plaintiff's non-appearance was willful, in bad faith or due to his own fault, and because evidence of plaintiff's physical condition was relevant, we believe the denial of the tender was erroneous. Plaintiff's offer of proof made known the substance of the evidence plaintiff wished to introduce. We must assume that plaintiff's counsel could have shown what he offered to show in his oral tender. *See State v. Chambers,* 103 N.M. 784, 714 P.2d 588 (Ct.App.1986); *cf. State ex rel. Nichols v. Safeco Insurance Co. of America,* 100 N.M. 440, 671 P.2d 1151 (Ct.App.), *cert. denied,* 100 N.M. 327, 670 P.2d 581 (1983).

A crucial element of plaintiff's argument against defendants' motion was that plaintiff's medical condition prohibited him from coming to the deposition and that any such order would be overly burdensome. Naturally, the trial court need not have accepted the tendered testimony as true but, under the circumstances, it should have been admitted and considered. Moreover, under NMSA 1978, Section 52–1–51(C), it is not necessary for a claimant who lives outside the state to come into this state for a medical examination. Had defendants wished to rebut evidence that plaintiff was too physically incapacitated to come to New Mexico for deposition, they could have done so by requesting he have an examination in Mexico in conformance with the law.

Finally, we think it worthwhile to discuss plaintiff's contention that the deposition order was burdensome because plaintiff's entry into this country would subject him to arrest. Plaintiff's fear of arrest provides a faulty foundation on which to build a valid argument. We are not impressed with this position. It is not the function of this court to protect fugitives from justice nor do we consider submitting oneself to the due process of law burdensome.

## ISSUE II

It is a well-settled general rule that a non-resident plaintiff shall make himself available and submit to oral examination in the forum where he has brought his action, absent a showing of special circumstances or undue hardship. *Salitan v. Carrillo,* 69 N.M. 476, 368 P.2d 149 (1961). The court in *Salitan* noted: "Upon such a showing, a defendant may be required to examine plaintiff outside the forum, and this may be by written interrogatories *if they are suitable and appropriate for the purpose of eliciting the information to which defendant is entitled."* *Id.* at 481–82, 368 P.2d 149 (emphasis in original).

For example, in *Kalosha v. Novick,* plaintiffs were citizens and residents of the Soviet Union. In noting the existent laws in the Soviet Union as well as the expense involved in travel, the supreme court concluded that there was a practical inability of plaintiffs to appear in New Mexico to give their depositions. Likewise, in *Ali Akber Kiachif v. Philco International Corp.,* 10 F.R.D. 277 (S.D.N.Y.1950), the court denied a motion to dismiss when plaintiff was out of the country, in ill health and had consented to discovery by means of interrogatories.

■ The situation in the instant case is analogous to these two cases. By virtue of his excludable alien status as well as the proffer as to his health, plaintiff demonstrated a legal and physical inability to appear in New Mexico for purposes of a deposition. Moreover, plaintiff has consented to either deposition in Mexico or written interrogatories. He also consents to any physical examinations in Mexico. Certainly, the discovery sanctions provided for in Rule 37(D), including dismissal, are appropriate when a party refuses discovery or takes a cavalier approach to its discovery obligations and in so doing denies a litigant his right to discovery. *See United*

*Nuclear Corp. v. General Atomic Co.* Here, however, plaintiff presented evidence that he was legally not eligible to enter the United States, constituting an excuse for non-compliance and alternative methods of discovery were available and could be utilized to provide defendants with the information they required.

## ATTORNEY'S FEES

■ Attorney's fees are allowable for services in securing worker's rights other than increased compensation. *Mann v. Board of County Commissioners*, 58 N.M. 626, 274 P.2d 145 (1954); *accord Romo v. Raton Coca Cola Co.*, 96 N.M. 765, 635 P.2d 320 (Ct.App.1981). We are impressed with plaintiff's counsel's tenacity and the ability he exhibited in this appeal; due to his success in this proceeding, we award him $2,000.

The trial court's termination of plaintiff's worker compensation benefits was in error and is hereby reversed; the trial court's denial of plaintiff's motion for alternative means of discovery was also in error and is reversed. We remand this case to the trial court for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

DONNELLY and FRUMAN, JJ., concur.