246 P.3d 842 (2011)
In the Matter of the Personal Restraint of Lucio Cruz BENAVIDEZ, Petitioner.
No. 28443-3-III.
Court of Appeals of Washington, Division 3.
January 27, 2011.
Janet G. Gemberling, Gemberling & Dooris PS, Spokane, WA, for Petitioner.
*843 Andrew Kelvin Miller, Terry Jay Bloor, Benton County Prosecutor's Office, Kennewick, WA, for Respondent.
KULIK, C.J.
¶ 1 Lucio Benavidez seeks relief from personal restraint, contending the amended information failed to notify him that he faced a firearm enhancement. Here, the amended information advised Mr. Benavidez that he was charged with a crime and armed with a firearm while committing the crime. And the information cited the deadly weapon special verdict statute.[1] Thus, Mr. Benavidez fails to show that he was not notified of the firearm enhancement. The judgment and sentence are facially valid. We dismiss the petition as untimely and frivolous.

FACTS
¶ 2 In August and September 2004, Mr. Benavidez participated in the robbery of four convenience stores, three in Yakima County and one in Benton County. State v. Benavidez, noted at 140 Wash.App. 1017, 2007 WL 2372586 at *1, 2007 Wash.App. LEXIS 2486, at *1. He pleaded guilty to three counts of second degree robbery in Yakima County and pleaded not guilty to first degree robbery while armed with a firearm in Benton County. Id. By amended information, Mr. Benavidez was charged in Benton County with first degree robbery under RCW 9A.56.190 (the definitional statute for robbery) and RCW 9A.56.200(1)(a)(i) and (ii), which state that a person is guilty of first degree robbery if, in the commission of or flight from a robbery, he is armed with a deadly weapon or displays what appears to be a firearm or other deadly weapon. Consistent with the statute, the amended information stated, "[A]nd in the commission of or immediate flight therefrom, the accused was armed with a deadly weapon, or displayed what appeared to be a firearm." Resp. to Personal Restraint Pet., App. A.
¶ 3 The amended information also contained a "NOTICE OF FIREARM ALLEGATION" as follows:
That the said LUCIO CRUZ BENAVIDEZ in the County of Benton, State of Washington, on or about the 30th day of September, 2004, in violation of RCW 9.94A.125 during the commission of the crime of Robbery in the First Degree, was armed with a firearm, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Washington.
Resp. to Personal Restraint Pet., App. A. Former RCW 9.94A.125 (1983) was recodified as RCW 9.94A.602 by Laws of 2001, ch. 10, § 6 (and was subsequently recodified as RCW 9.94A.825 by Laws of 2009, ch. 28, § 41). In all of its codifications, whenever a defendant is alleged to have been armed with a deadly weapon at the time he committed the crime, the jury must decide this fact by special verdict:
In a criminal case wherein there has been a special allegation and evidence establishing that the accused or an accomplice was armed with a deadly weapon at the time of the commission of the crime, the court shall make a finding of fact of whether or not the accused or an accomplice was armed with a deadly weapon at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it find[s] the defendant guilty, also find a special verdict as to whether or not the defendant or an accomplice was armed with a deadly weapon at the time of the commission of the crime.
Former RCW 9.94A.602. Firearms are included in the list of deadly weapons. Former RCW 9.94A.602.
¶ 4 The jury convicted Mr. Benavidez as charged and found by special verdict that he used a firearm. The judgment and sentence indicated that the special verdict found use of a firearm under former RCW 9.94A.602. Based on this finding, the trial court imposed a sentence of 210 months, which includes a 60-month firearm enhancement.
¶ 5 In his direct appeal to this court, Mr. Benavidez unsuccessfully challenged his *844 judgment and sentence on the basis of prosecutorial misconduct and admission of police opinion testimony. Benavidez, 140 Wash. App. 1017, 2007 WL 2372586 at *1. The case was mandated on March 25, 2008. He filed this personal restraint petition on September 11, 2009, over one year after the judgment and sentence was final.

ANALYSIS
¶ 6 We first consider whether the petition is barred as untimely. A petition filed more than one year after the mandate of the judgment and sentence is barred as untimely unless the judgment and sentence is invalid on its face, the trial court lacked competent jurisdiction, or the petition falls under an enumerated exception. RCW 10.73.090(1),.100(1)-(6). Mr. Benavidez contends his petition is not untimely because his judgment and sentence is facially invalid.
¶ 7 A judgment and sentence is facially invalid if, without further elaboration, it shows an error. In re Pers. Restraint of Clark, 168 Wash.2d 581, 585, 230 P.3d 156 (2010). This facial invalidity must be "a more substantial defect than a technical misstatement that had no actual effect on the rights of the petitioner." In re Pers. Restraint of McKiearnan, 165 Wash.2d 777, 783, 203 P.3d 375 (2009).
¶ 8 The judgment and sentence here, standing alone, does not show an error. The document shows that Mr. Benavidez was found guilty by a jury of first degree robbery and that the jury additionally found by special verdict that he used a firearm. The trial court imposed a firearm enhancement based on the special verdict. The judgment and sentence also, however, references the crime "as charged in the Amended Information." Resp. to Personal Restraint Pet., App. B at 1. And the amended information cites former RCW 9.94A.125, the deadly weapon special allegation statute. Mr. Benavidez contends the citation to the former deadly weapon statute was insufficient to give him notice that he faced a firearm enhancement. Thus, to determine whether Mr. Benavidez's petition is time barred, we must turn to the merits of his argument. See In re Pers. Restraint of Cruze, 169 Wash.2d 422, 427, 237 P.3d 274 (2010).
¶ 9 Generally, an indictment or information must be worded so that a person of common understanding will know what acts constitute the criminal offense. RCW 10.37.052. The exact words of the relevant statute need not be used if words conveying the same meaning are used to give reasonable notice to the defendant of the charge. State v. Kjorsvik, 117 Wash.2d 93, 108-09, 812 P.2d 86 (1991); see also State v. Campbell, 125 Wash.2d 797, 801, 888 P.2d 1185 (1995) (statutory language is not necessary if the information contains allegations of the crime that was meant to be charged). If, as here, the defendant waits until after the verdict to object to the charging document, the reviewing court applies a liberal standard, asking (1) whether the necessary facts appear in any form or can be found by liberal construction in the document, and, if so, (2) whether the defendant can show that the inartful language caused a lack of notice. Kjorsvik, 117 Wash.2d at 105-06, 812 P.2d 86.
¶ 10 A defendant has a constitutional right to be informed of the charge against him so he can prepare and mount a defense. State v. Recuenco, 163 Wash.2d 428, 440, 180 P.3d 1276 (2008). To ensure due process, the State must give pretrial notice with all necessary elements of the charge. Id. at 440-41, 180 P.3d 1276. As Mr. Benavidez notes, a sentence enhancement is considered an element of an offense because the enhancement increases the sentence beyond the maximum authorized for the underlying offense. Id. at 434, 180 P.3d 1276. Consequently, the information must contain adequate notice of a sentence enhancement. Id.
¶ 11 In Recuenco, the defendant was not informed until sentencing that the State was seeking a firearm enhancement. Id. at 441, 180 P.3d 1276. The information charged Arturo Recuenco with second degree assault with a deadly weapon, "`to-wit: a handgun,'" but did not specifically mention the term "firearm." Id. at 431-32, 180 P.3d 1276. Nothing in the information advised him that his sentence would be enhanced for the use *845 of a firearm. Moreover, the trial court rejected Mr. Recuenco's request to define "firearm" for the jury. Id.
¶ 12 Here, on the other hand, the information advised Mr. Benavidez that he was charged with a crime and, during commission of the crime, he was armed with a firearm. The "notice of firearm allegation" also cited the deadly weapon special verdict statute, former RCW 9.94A.125. Although the information erred by citing former RCW 9.94A.125 rather than its then-current codification, former RCW 9.94A.602, the language in former RCW 9.94A.125 was identical to former RCW 9.94A.602. And this language authorized a firearm special verdict. Former RCW 9.94A.602. Mr. Benavidez's charging document specifically alleged he was armed with a firearm and cited the statute authorizing a special verdict on firearms and other deadly weapons; consequently, he was sufficiently advised that he must defend against the firearm allegation. Recuenco, 163 Wash.2d at 440-41, 180 P.3d 1276;. Thus, under the liberal postverdict construction of the information, the necessary fact that Mr. Benavidez was armed with a firearm appears, that he cannot show that he did not receive notice of this allegation sufficient to defend against the firearm enhancement. Kjorsvik, 117 Wash.2d at 105-06, 812 P.2d 86.
¶ 13 Accordingly, his judgment and sentence is valid on its face and his petition must be dismissed as untimely and frivolous. RCW 10.73.090(1); RAP 16.11(b).
WE CONCUR: BROWN and SIDDOWAY, JJ.
NOTES
[1] Although the citation was to the former statute, former RCW 9.94A.125 (1983), the language is identical to the version applicable to the date of Mr. Benavidez's crime, former RCW 9.94A.602 (2001).