IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30344-6-III |
| | ) | |
| Respondent and | ) | |
| Cross-Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DOUGLAS JAMES CONNER, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — Douglas James Conner was convicted of attempted first degree assault with three deadly weapon enhancements. In this second appeal, Mr. Conner challenges the imposition of the sentencing enhancements. He contends that his charging information failed to give him notice of the State's intent to pursue the deadly weapon enhancements. But the charging information specifically identified the deadly weapon as a firearm. We affirm the deadly weapon enhancements.

## FACTS

In 2003, Mr. Conner was charged with first degree assault after Mr. Conner pointed a firearm at police. At the time of the offense, Mr. Conner was suffering from lower back pain and pain medication withdrawal. In addition to the one count of first degree assault, the charging information contained a section entitled "notice of deadly weapon allegation." Clerk's Papers (CP) at 1-2. The allegation asserted that Mr. Conner was armed with a deadly weapon during the commission of his crime of first degree assault, in violation of RCW 9.94A.125. The allegation described the deadly weapon as a handgun.

On the date of trial, the State filed a second amended information charging Mr. Conner with attempted first degree assault. The information included three "notice of deadly weapon allegation[s]." CP at 558-59. One allegation indicated the deadly weapon was a handgun, another allegation indicated a revolver, and the third allegation did not specify the weapon.

A jury found Mr. Conner guilty of attempted first degree assault. The jury answered affirmatively on all three special verdict forms, indicating that Mr. Conner was armed with three separate firearms during the commission of the crime. The trial court sentenced Mr. Conner to a total of 249.75 months for the attempted assault, which

2

included 180 months of imprisonment for the sentencing enhancements. The judgment

and sentence indicated the finding of a special verdict for use of a deadly weapon other

than a firearm.

Mr. Conner appealed. This court affirmed his conviction, but remanded his case

for resentencing within the statutory maximum for attempted first degree assault. *State v.

Conner*, noted at 134 Wn. App. 1057, 2006 WL 2578281.

On remand, Mr. Conner argued for the first time that the sentencing enhancements

should be removed. He contended that the charging documents did not provide him

notice that he could be sentenced under the firearm enhancement.

The sentencing court adjusted Mr. Conner's sentence so it did not exceed the

statutory maximum, in accordance with the instructions on remand. Additionally, the

court concluded that the second amended information met the due process notice

requirements for the sentencing enhancements because the information referred to the

possession of deadly weapons and the definitional statute of RCW 9.94A.125. The trial

court concluded that the judgment and sentence should reflect three 12-month deadly

weapon enhancements.

Mr. Conner appeals the imposition of the three 12-month deadly weapon

enhancements. Mr. Conner contends that the charging information failed to put him on

notice that the State intended to pursue a deadly weapon enhanced sentence.

ANALYSIS

An information or charging document that is not challenged until after a verdict

has been issued will be liberally construed in favor of validity. *State v. Kjorsvik*, 117

Wn.2d 93, 105, 812 P.2d 86 (1991).

Due process requires that the State give a defendant pretrial notice of the charge

against him with all of the necessary elements of the charge. *In re Pers. Restraint of

Benavidez*, 160 Wn. App. 165, 171, 246 P.3d 842 (2011). A sentencing enhancement is

considered an element of the offense and also requires adequate notice. *Id.*

"Generally, an indictment or information must be worded so that a person of

common understanding will know what acts constitute the criminal offense." *Id.* at 170

(citing RCW 10.37.052). The charging document need not use the exact words of the

relevant statute, but is sufficient if the words conveying the same meaning are used to

give reasonable notice to the defendant of the charge. *Kjorsvik*, 117 Wn.2d at 97.

The two-prong standard for postverdict review of a charging document requires

the court to examine (1) whether there is "at least some language in the information

4

giving notice of the allegedly missing element(s)," and (2) if the language is unclear, whether the defendant demonstrated that "actual prejudice resulted from inartful or vague language." *Kjorsvik*, 117 Wn.2d at 106.

In criminal cases where there has been a special allegation and evidence establishing that the defendant was armed with a deadly weapon at the time of the commission of the crime, RCW 9.94A.825 allows a jury to find by special verdict whether or not the defendant "was armed with a deadly weapon at the time of the commission of the crime." A pistol, revolver, or any other firearm is included in the term deadly weapon for purposes of the deadly weapon special verdict. RCW 9.94A.825.

Mr. Conner contends that the language in the information fails to clearly give notice of the deadly weapon enhancement because the information cites RCW 9.94A.125, a statute that was not in existence when he was sentenced. He also contends that the deadly weapon language could be construed to pertain to the first degree assault statute.

Mr. Conner's contentions fail. It is clear from the language in the information that the State intended to pursue a deadly weapon enhancement. Both the first information and the second amended information have separate sections entitled "notice of deadly weapon allegation." These sections clearly inform Mr. Conner that the State intended to pursue a deadly weapon enhancement. Also, the language of the allegation states that Mr.

Conner was armed with a deadly weapon in the commission of his crime, which mirrors the statutory language for the deadly weapon special verdict and indicates that the allegation is separate from the commission of his crime.

Admittedly, the information referenced RCW 9.94A.125, a citation not in effect when Mr. Conner was charged. However, this error is not fatal. Previously, RCW 9.94A.125 referred to the deadly weapon special verdict definition, but the statute had been recodified as RCW 9.94A.602 at the time that Mr. Conner was charged. LAWS OF 2001, ch. 10, § 6 (later recodified as RCW 9.94A.825 under LAWS OF 2009, ch. 28, § 41). The language of the deadly weapon special verdict statute remained the same after recodification, and this language authorized a deadly weapon special verdict. *See Benavidez*, 160 Wn. App. at 171-72. Thus, the charging document alerted Mr. Conner to the State's intention to charge him with a deadly weapon enhancement.

Mr. Conner contends that he was prejudiced as a result of the defective charging because the trial court ultimately gave a jury instruction regarding a firearm enhancement instead of a deadly weapon enhancement.

Mr. Conner fails to demonstrate prejudice from the firearm instruction. First, the charging document specifically identified the deadly weapon as a type of firearm, notifying Mr. Conner that he would need to mount a defense against this specific

allegation of having a firearm. Second, the use of the firearm instruction did not affect the imposition of the deadly weapon enhancement. "A deadly weapon verdict is any verdict or finding made in compliance with the procedures of former RCW 9.94A.125 that determines that the defendant used an item that former RCW 9.94A.125 defined as a 'deadly weapon.'" *In re Pers. Restraint of Cruze*, 169 Wn.2d 422, 434, 237 P.3d 274 (2010). The deadly weapon special verdict expressly defines firearms as deadly weapons. Therefore, the jury's firearm verdict was a deadly weapon verdict and supported the imposition of the deadly weapon enhancement. *See id.* Mr. Conner fails to show how the trial court's use of the firearm instruction resulted in prejudice.

In sum, Mr. Conner was sufficiently advised that he needed to defend against the deadly weapon enhancements. The language in the information was not vague or ambiguous. Furthermore, Mr. Conner fails to demonstrate prejudice by any alleged ambiguity.

The trial court did not err by imposing three consecutive 12-month sentences for the deadly weapon enhancements. The information gave Mr. Conner notice that the State would pursue the enhancements. We affirm the deadly weapon enhancements.

No. 30344-6-III
*State v. Conner*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____        _____
Brown, J.                              Korsmo, C.J.

8