IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent, | ) | No. 35852-6-III, |
| | ) | (Consol. with |
| | ) | No. 35859-3-III) |
| v. | ) | |
| | ) | |
| ODA ROY CHARTIER, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |
| | ) | |
| In the Matter of the Personal Restraint | ) | |
| Petition of: | ) | |
| | ) | |
| ODA ROY CHARTIER | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |

KORSMO, J. — Oda Roy Chartier appeals a superior court order denying his motion

to amend his judgment and sentence entered in Stevens County Superior Court in 2014. In

a consolidated personal restraint petition, Mr. Chartier contends that two of his convictions

for first degree child molestation were barred by the statute of limitations and must be

vacated. We affirm the superior court's denial of Mr. Chartier's CrR 7.8 motion, but

remand for dismissal of count II and re-sentencing on the remaining counts.

FACTS AND PROCEDURAL BACKGROUND

On September 2, 2014, Mr. Chartier entered into a plea agreement with the State under which he agreed to plead guilty to three counts of first degree child molestation. That same day, Mr. Chartier signed a Statement of Defendant on Plea of Guilty to Sex Offense, which indicates that Mr. Chartier had no known criminal history that would count against his offender score under the Sentencing Reform Act of 1984, ch.9.94A RCW. Paragraph 1.12 of the Plea Agreement, labeled "Sentencing Data," contained a statement of Mr. Chartier's offender score and the corresponding standard range sentence for each count charged. By agreement of the parties, count I (first degree rape of a child) was dismissed, and therefore the standard range sentence for this count was not filled in, although the offender score box was marked "0." Counts II, III, and IV all stated that Mr. Chartier was being sentenced with an offender score of "6," and listed the standard range for each count as "98-130-Life." Clerk's Papers at 3.

The judgment and sentence similarly indicates that Mr. Chartier had no criminal history and that his offender score on each of the three child molestation counts was "6". The sentencing court imposed an indeterminate sentence with a minimum sentence of 120 months in confinement and a maximum sentence of life in prison. Mr. Chartier did not file an appeal from his judgment and sentence, which became final on the date it was filed with the superior court clerk: October 7, 2014. RCW 10.73.090(3)(a).

2

On October 5, 2017, Mr. Chartier filed a pro se CrR 7.8 motion to modify the

judgment and sentence, contending his sentence was invalid on its face because it was

based on a miscalculated offender score. Specifically, he claimed the court erred by

finding he had an offender score of 6 where he had no criminal history and thus 0 prior

conviction points.

On January 30, 2018, the superior court found that Mr. Charter's offender score

was correctly calculated and denied Mr. Chartier's motion to amend the judgment and

sentence. On February 8, 2018, Mr. Chartier timely appealed the court's denial of his

CrR 7.8 motion. While his appeal was pending, he filed the consolidated personal

restraint petition.

## ANALYSIS

Mr. Chartier contends the court erred by denying his CrR 7.8 motion. He also filed

a Statement of Additional Grounds (SAG) in which he claims that he was "falsely

sentenced under the Indeterminate Sentencing Board," and should have been sentenced

under the Offender Accountability Act, RCW 72.09.580, .590, .904.

A motion for relief from judgment under the superior court criminal rule, like a

personal restraint petition, is subject to RCW 10.73.090 and .100. CrR 7.8(b). If such a

motion or petition is filed more than a year after the judgment and sentence became final,

it is barred as untimely unless the judgment and sentence is invalid on its face, the trial

3

court lacked competent jurisdiction, or the petition is based solely on one or more of the exceptions set forth in RCW 10.73.100(1)-(6). *See In re Pers. Restraint of Benavidez,* 160 Wn. App. 165, 170, 246 P.3d 842 (2011) (addressing timeliness of a petition).

Mr. Chartier filed this motion nearly three years after the judgment and sentence became final in October 2014, and he failed to demonstrate that the judgment and sentence was facially invalid or that any other exception to the one-year time bar applied. Accordingly, his motion was barred by RCW 10.73.090.

The trial court did abuse its discretion by denying Mr. Chartier's motion rather than transferring the untimely motion to this court for consideration as a personal restraint petition. CrR 7.8(c)(2).[1] Nonetheless, we can affirm the trial court's rejection of a defendant's CrR 7.8 motion on any grounds supported by the record. *State v. Costich,* 152 Wn.2d 463, 477, 98 P.3d 795 (2004).

Since Mr. Chartier's motion is untimely, we are required to dismiss it and his accompanying SAG pursuant to RCW 10.73.090. We affirm the trial court's dismissal on

_____

1 CrR 7.8(c)(2) directs the superior courts to transfer any CrR 7.8 motion to the Court of Appeals for consideration as a personal restraint petition "unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) the resolution of the motion will require a factual hearing." Here, there is no record that the superior court engaged in the necessary CrR 7.8 transfer analysis before deciding to retain and deny Mr. Chartier's motion.

the basis of harmless error: had it transferred the motion to this court for consideration as a personal restraint petition, we would have found it untimely.

PERSONAL RESTRAINT PETITION

In a consolidated personal restraint petition filed while the appeal was pending, Mr. Chartier seeks relief from personal restraint, alleging that counts II and III were time barred by the statute of limitations and therefore the convictions on those counts must be vacated. The State agrees that count II must be vacated but contends that count III was timely charged.

To receive relief on collateral review, Mr. Chartier must show either a constitutional error that resulted in actual and substantial prejudice or nonconstitutional error that constituted a fundamental defect that inherently results in a miscarriage of justice. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813, 729 P.2d 506 (1990). A petitioner is entitled to relief where his convictions are based on charges that were prosecuted beyond the statute of limitations. *In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 355, 5 P.3d 1240 (2000), *disagreed with on other grounds by In re Pers. Restraint of Turay*, 153 Wn.2d 44, 53, 101 P.3d 854 (2004).

Since Mr. Chartier filed this motion more than one year after his judgment and sentence became final, it is untimely under RCW 10.73.090(1) unless the judgment and sentence is invalid on its face, the court lacked competent jurisdiction over the matter, or

the petition falls within one of the exceptions set forth in RCW 10.73.100(1)-(6). Mr. Chartier does not expressly address the timeliness of his petition, but appears to argue that it is timely because the judgment and sentence is invalid on its face due to the time-barred convictions.

On April 14, 2014, the State charged Mr. Chartier by Information with one count of rape of a child in the first degree (count I) and three counts of child molestation in the first degree (counts II, III, and IV). With respect to count II, the victim (MT) was born on March 5, 1988. The information alleged that the conduct occurred between March 5, 1996, and March 4, 1998. With respect to count III, the victim (MC) was born on June 25, 1993. The information alleged that the criminal conduct occurred between July 25, 2001, and July 24, 2003.

At the time the conduct supporting counts II and III was committed, the statute of limitations with regard to those counts provided that "[v]iolations of the following statutes shall not be prosecuted more than three years after the victim's eighteenth birthday or more than seven years after their commission, whichever is later: (i) RCW 9A.44.073 [or] 9A.44.083[.]" Former RCW 9A.04.080(1)(c) (1989). Under this statutory language, the statute of limitations on count II was set to expire on March 5, 2009 (three years after victim MT's 18th birthday). The statute of limitations on count III was set to expire on June 25, 2014 (three years after victim MC's 18th birthday).

6

The legislature subsequently amended the statute of limitations in 2009 to provide that violations may be prosecuted up to the victim's 28th birthday. Former RCW 9A.04.080(1)(c) (2009). The amendment had an effective date of July 26, 2009. LAWS OF 2009, ch. 61, § 1(c).[2]

The language in effect at the time both counts were alleged to have been committed provided that the statute of limitations did not expire until the victim's twenty-first birthday. With respect to count II, the statute of limitations was set to expire on March 5, 2009. However, the legislature extended the statute of limitations in 2009. The amended statute would have extended the statute of limitations on count II to MT's twenty-eighth birthday, March 5, 2016, if it applied. Where a statute extends a period of limitation, or provides for the tolling thereof, the new limitations period only applies to an offense if the prior period has not expired. *State v. Hodgson*, 108 Wn.2d 662, 668, 740 P.2d 848 (1987). Here, where the 2009 amendment did not become effective until July 2009, after the statute of limitations on count II expired on March 5, 2009, it cannot be applied to the conduct alleged in count II. Accordingly, at the time the information was filed in April 2014, the statute of limitations had expired with respect to count II.

---

2 A 2013 amendment subsequently changed the statute of limitations to allow prosecution until the victim's thirtieth birthday. RCW 9A.04.080(1)(c).

With respect to count III, MC's twenty-first birthday was on June 25, 2014. Accordingly, the statute of limitations had not run on count III when the information was filed in April 2014. Moreover, both the 2009 and 2013 amendments applied to count III, and accordingly extended the statute of limitations well beyond the filing date of April 2014. Accordingly, Mr. Chartier is not entitled to vacation of count III.

Mr. Chartier has demonstrated that he is under unlawful restraint, and that he is entitled to relief from the unauthorized conviction on count II. *In re Pers. Restraint of Stoudmire*, 141 Wn.2d at 355.

## CONCLUSION

The sentence is remanded to vacate count II and resentence Mr. Chartier on counts III and IV.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, J.

Siddoway, J.